## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT MERCER, JR.,** | : | |
| | : | **Case No. 1:23-cv-00728** |
| **Plaintiff,** | : | |
| | : | **Judge Solomon Oliver, Jr.** |
| **v.** | : | |
| | : | |
| **HOWMET AEROSPACE, INC.,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## UAW AND UAW LOCAL 1050'S
## MOTION FOR SUMMARY JUDGMENT

Now come Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local No. 1050, ("UAW Local 1050"), collectively, "the Union" or "the Union Defendants," by and through counsel, and hereby move this Court for judgment as a matter of law as to Plaintiff's claims against them. There are no genuine issues of material fact in dispute regarding this matter, and the Union Defendants are entitled to judgment as a matter of law. The grounds for this Motion are more fully set forth in an accompanying Memorandum.

Respectfully submitted,

**JOYCE GOLDSTEIN & ASSOCIATES**

**Of Counsel:**

*/s/ Kristin Seifert Watson*
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:    (614) 461-4455

Facsimile:     (614) 621-6293
Email:        kwatson@cloppertlaw.com
                lhagar@cloppertlaw.com

Joyce Goldstein (0029467)
Joyce Goldstein & Associates
3080 Laurel Road
Cleveland, Ohio 44120
Telephone:    (216) 771-6633
Facsimile:     (216) 509-2542
Email:        jgoldstein@ggcounsel.com

*Counsel for Defendants UAW and UAW Local 1050*

## **TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... iii

STATEMENT OF ISSUES TO BE DECIDED .............................................................v

I.  STATEMENT OF FACTS AND CASE ...............................................................1

    A.  Plaintiff's employment with Defendant Howmet ..........................................1

    B.  The discharge grievance ...............................................................................2

    C.  The arbitration hearing..................................................................................4

    D.  Plaintiff's EEOC Charges and the present litigation ....................................6

II.  SUMMARY OF THE ARGUMENT ...................................................................7

III.  ARGUMENT ........................................................................................................8

    A.  Summary Judgment Standard ........................................................................8

    B.  Plaintiff cannot establish his race discrimination claims under Title VII or R.C. Chapter 4112 as a matter of law ..................................................................9

        1.  Plaintiff's claims of race discrimination fail as a matter of law because the Union Defendants took no adverse action against him ..........10

            a.  The Union Defendants did not deny Plaintiff fair representation in accordance with the CBA...................................11

            b.  The Union Defendants did not take an adverse action against Plaintiff by ignoring his request for a different arbitrator..............13

            c.  The Union Defendants did not withhold evidence that was favorable to Plaintiff and harmful to Howmet or refuse to present evidence that cast its White members in an unfavorable light ..................................................................................14

            d.  The UAW's denial of Plaintiff's request to replace Spayde does not constitute an adverse action.............................................15

i

2.    Plaintiff's claims fail because he did not identify any similarly situated individuals ................................................................16

3.    Plaintiff cannot establish that the Union's legitimate non-discriminatory motives were pretext for race discrimination ...................17

IV.    CONCLUSION ..........................................................................................20

STATEMENT OF COMPLIANCE ...........................................................................22

CERTIFICATE OF SERVICE ..................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases:</u>**                                                                                                           Page(s)

*Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65 (1991) ........................................................20

*Alexander v. Local 496, Laborers' Intern. Union of North America*,
    177 F.3d 394 (6th Cir. 1999) .........................................................................10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................8, 9

*Brown v. Metropolitan Government of Nashville and Davidson Cty.*, 722 Fed. App'x
    520 (6th Cir. 2018)........................................................................................16

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................8

*Chen v. Dow Chem. Co.*, 580 F.3d 394 (6th Cir. 2009)..................................................18

*Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175 (2004)...................................9

*Devore v. Rolls-Royce Energy Systems, Inc.*, 373 F.Supp.2d 750 (S.D. Ohio 2005) ...................15

*Ely v. Newell Rubbermaid, Inc.*, 50 Fed.Appx. 681 (6th Cir. 2002)...............................12

*Ercegovich v. Goodyear Tire & Rubber  Co.*, 154 F.3d 344 (6th Cir. 1998) ...............16

*Ford Motor Co. v. Huffman*, 345 U.S. 330 (1953) ...........................................11, 12, 14

*Garrison v. Cassens Transp. Co.*, 334 F.3d 528 (6th Cir. 2003)....................................11

*Gooden v. City of Memphis Police Dept.*, 67 Fed. Appx. 893 (6th Cir. 2003)........................9, 19

*Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) .....................................................10

*Hayes v. UPS*, 327 Fed.Appx. 579 (6th Cir. 2009)........................................................14

*Malone v. U.S. Postal Service*, 526 F.2d 1099 (6th Cir. 1975)......................................15

*Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405 (6th Cir. 2008) ............................16

*Mitchell v. Toledo Hosp.*, 964 F.2d 577 (6th Cir. 1992).................................................13

*Moore v. Philip Morris Cos.*, 8 F.3d 335 (6th Cir. 1993)................................................8

*Nelson v. Ball Corp.*, 656 Fed.Appx. 131 (6th Cir. 2016)...............................................9

*Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000) .............................................9

*Peeples v. City of Detroit*, 891 F.3d 622 (6th Cir. 2018)..........................................9, 11

*Redlin v. Grosse Pointe Public School System*, 921 F.3d 599 (6th Cir. 2019) .............................18

**Statutes:**

Title VII ........................................................................................7, 9, 10, 11, 20

R.C. Chapter 4112.........................................................................................7, 9, 20

**Other Authorities:**

Federal Rule of Civil Procedure 56(a) ...........................................................................8

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Union Defendants are entitled to summary judgment on Plaintiff Robert Mercer, Jr.'s claims of race discrimination because Plaintiff cannot establish the elements of his *prima facie* case as a matter of law.

2. Whether, if the Court finds that Plaintiff could establish the elements of his *prima facie* case for race discrimination, the Union Defendants are nonetheless entitled to summary judgment because Plaintiff cannot establish that the Union Defendants' legitimate non-discriminatory reasons for handling the grievance protesting his discharge as they did were pretext for discrimination.

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     STATEMENT OF FACTS AND CASE**

    **A.  <u>Plaintiff's employment with Defendant Howmet.</u>**

      Plaintiff began his employment with Defendant Howmet Aerospace, Inc. ("Howmet")[1] in Cleveland, Ohio in 2013. (Deposition of Robert Mercer, Jr. ("Mercer Depo."), DKT # 52, Page ID # 1205). Plaintiff was a member of the UAW and UAW Local 1050. (Mercer Depo., DKT # 52, Page ID # 1207). The terms and conditions of Plaintiff's employment were governed by a Collective Bargaining Agreement ("CBA") between Howmet and the Union Defendants. (Mercer Depo., Ex. U-11, DKT # 52-11, Page ID # 1443-1452).

      In 2017, the Union Defendants handled a grievance for Plaintiff involving a thirty (30) day suspension he was issued for allegedly threatening another employee. (Declaration of Patrick Spayde ("Spayde Decl."), ¶ 6) (attached hereto). Pursuant to Article IV, Section 6 of the CBA, the UAW handles grievances that are not resolved at the second step. (Mercer Depo., Ex. U-11, DKT # 52-11, Page ID # 1447-48). UAW Region 2B International Servicing Representative Patrick Spayde withdrew that grievance after investigating it and consulting with Plaintiff. (Spayde Decl., ¶ 7). Howmet would not agree to settle the grievance and had three (3) witnesses in support of the allegations against Plaintiff, so Spayde did not believe that an arbitration of the grievance would be successful. (*Id.*). At the time, Plaintiff told Spayde he understood the rationale behind the decision to withdraw the grievance. (Mercer Depo., Ex. U-16, DKT # 52-16) (filed manually with the Court).

---

[1] Howmet Aerospace, Inc. was formerly known as Alcoa, Inc. and Arconic, Inc. (Mercer Depo., DKT # 52, Page ID # 1205).

Starting in July of 2020, Plaintiff began posting a series of anonymous videos on YouTube, entitled "Black Lives Don't Matter at Howmet," which alleged that Howmet and the Union Defendants were racist. (Mercer Depo., DKT # 52, Page ID # 1208-09). The videos were narrated by an anonymized voice and utilized inflammatory imagery to suggest a link between Howmet and the Union Defendants and racism. (Mercer Depo., Exs. U-3-U-5, DKT # 52-3-52-5, Page ID # 1399-1401). In response to the videos, Howmet launched an investigation to identify their creator. (Mercer Depo., DKT # 52, Page ID # 1213-14).

As part of its investigation, Howmet interviewed Plaintiff. (*Id.*). UAW Local 1050 represented Plaintiff at this interview, wherein he denied making the videos. (*Id.*). Howmet interviewed other employees who claimed that Plaintiff was responsible for the videos in question. (Mercer Depo., DKT # 52, Page ID # 1213). Howmet issued Plaintiff, who was represented at the meeting by UAW Local 1050, a disciplinary notice on or about July 31, 2020, for a suspension of the Balance of his Shift plus five (5) days pending further disciplinary action for violation of Howmet's Code of Conduct and its Social Media Policy. (Mercer Depo., DKT # 52, Page ID # 1213-14; Mercer Depo., Ex. U-2, DKT # 52-2, Page ID # 1397-98). Howmet hired an outside company to perform voice analysis on the videos, and the company claimed that the voice belonged to Plaintiff. (Mercer Depo., DKT # 52, Page ID # 1214-15). Howmet discharged Plaintiff effective August 6, 2020. (Mercer Depo., Ex. U-6, DKT # 52-6, Page ID # 1402).

**B.  The discharge grievance.**

On August 7, 2020, UAW Local 1050 filed a grievance protesting Plaintiff's discharge, Grievance No. FP 20-31. (Mercer Depo., Ex. U-10, DKT # 52-10, Page ID # 1442). Howmet denied the grievance at the second step, and Spayde presented the grievance at the third step

hearing in February 2021. (Mercer Depo., Ex. U-12, DKT # 52-12, Page ID # 1453-54; Spayde Decl., ¶¶ 1-3, 9-10).

On or about March 15, 2021, Company representative Tom Holbert emailed Spayde a document from a civil lawsuit related to the events of Mercer's 2017 discipline wherein he admitted involvement in creating the videos that were the subject of his discharge. (Spayde Decl., ¶ 11 and Ex. A; *see also* Mercer Depo., DKT # 52, Page ID # 1223; Mercer Depo., Ex. U-14, DKT # 52-14, Page ID # 1459-1467). Spayde did not immediately notify Plaintiff about his receipt of the email from Holbert because the document had come from Plaintiff's own counsel, Spayde knew he would be meeting with Plaintiff soon, and any arbitration for Plaintiff's discharge grievance would not occur for months. (Spayde Decl., ¶ 12).

On or about April 23, 2021, Howmet denied Plaintiff's discharge grievance at the third step. (Mercer Depo., Ex. U-13, DKT # 52-13, Page ID # 1455-58). In its response, Howmet noted that Plaintiff admitted that he created and/or posted the videos that resulted in his discharge. (*Id.*).

Shortly thereafter, Plaintiff requested that Spayde recuse himself from handling the grievance because he felt Spayde was not representing his best interests. (Mercer Depo., DKT # 52, Page ID # 1232). Plaintiff felt that Spayde failed to adequately represent him regarding the 2017 grievance and withheld information from him.[2] (Mercer Depo., DKT # 52, Page ID # 1233, 1240-43). Spayde rejected Plaintiff's requests because he had no doubt he would be able to represent Plaintiff to the best of his abilities. (Spayde Decl., ¶¶ 31, 33; Mercer Depo., Ex. U-23; DKT # 52-23; Page ID # 1511, 1517). Plaintiff elevated his request to other UAW officials. (Mercer Depo., Exs. U-15, U-17-U-18, DKT # 52-15, 52-17-52-18, Page ID # 1468, 1472-73).

---

[2] Plaintiff learned that Spayde knew he had admitted to creating the videos at a meeting with Spayde, UAW Local 1050 Vice President James "Gappy" Burney and Vice Forge Chair Fletcher in approximately April 2021. (Spayde Decl., ¶ 13).

UAW Region 2B Director Wayne Blanchard denied Plaintiff's request to have Spayde removed from handling the discharge grievance. (Mercer Depo., Ex. U-19, DKT # 52-19, Page ID # 1474).

Spayde attempted to contact Plaintiff several times concerning the status of the discharge grievance, but Plaintiff did not initially respond. (Mercer Depo., Ex. U-23, DKT # 52-23, Page ID # 1505). Spayde continued to advocate for Plaintiff, and on July 23, 2021, he demanded that the grievance proceed to arbitration. (Mercer Depo., Ex. U-23, DKT # 52-23, Page ID # 1513). In preparation for the arbitration hearing, Spayde communicated with Plaintiff and other witnesses numerous times and reviewed various documents, including all information provided by Plaintiff. (*See generally* Mercer Depo., Ex. U-23, DKT # 52-23, Page ID # 1518-1558; Spayde Decl., ¶¶ 17-23). Because Plaintiff admitted to being involved in creating and posting the videos after originally denying his involvement, the Union had to adjust the theory of its case and argue that the videos were protected activity that was reasonable to protest instances of racial and ethnic discrimination occurring at the facility. (Spayde Decl., ¶ 14). Spayde also sent Mercer witness questions to review in advance of the hearing. (Mercer Depo., Ex. U-23, DKT # 52-23, Page ID # 1540-1551; Spayde Decl., ¶ 21).

**C. The arbitration hearing.**

The arbitration hearing for the grievance protesting Plaintiff's discharge commenced on November 22, 2021. (Mercer Depo., Ex. U-24, DKT # 52-24, Page ID # 1563). Pursuant to Article V, Section 11 of the CBA, grievances are presented to a Board of Arbitration that consists of one (1) representative of the UAW, one (1) representative of Howmet and one (1) wholly disinterested third party, i.e., the Umpire. The Umpire is selected by the Parties to the CBA from time to time. (Mercer Depo., Ex. U-11, DKT # 52-11, Page ID # 1450; Spayde Decl., ¶¶ 24-25). The Parties

have utilized Andrew Strongin as the Umpire for years, including for the grievance at issue. (Spayde Decl., ¶¶ 25, 27).

On the first day of the arbitration hearing, Howmet's representative and Spayde presented opening arguments on behalf of the Parties. (Mercer Depo., Ex. U-24, DKT # 52-24, Page ID # 1569-1583). During Howmet's presentation of its case, which spanned November 22 through November 23, 2021, Spayde raised objections and cross-examined each of Howmet's witnesses. (Plaintiff's Responses to Union Defendants' First Set of Requests for Admissions ("Plaintiff's Responses to RFAs") Nos. 1-2) (attached hereto).

The Union presented its case for Plaintiff's discharge grievance on November 30, 2021. For medical reasons, UAW Region 2B International Servicing Representative Steven Frammartino[3] presented the UAW's case rather than Spayde. (Spayde Decl., ¶ 36; Declaration of Steven Frammartino ("Frammartino Decl."), ¶¶ 4-5, 8) (attached hereto). Frammartino was present for both days of Howmet's presentation and had all of Spayde's notes, witness outlines and exhibits. (Spayde Decl., ¶ 37; Frammartino Decl., ¶¶ 5-7). Frammartino called six (6) witnesses, all of whom Plaintiff had requested. (Plaintiff's Responses to RFAs No. 3; Mercer Depo., DKT # 52, Page ID # 1231, 1263-66; Frammartino Decl., ¶ 8).[4] These witnesses each testified about racial and ethnic discrimination issues at the Howmet facility.[5] (*Id.*).

---

[3] Frammartino had served as the UAW representative on the Board of Arbitration and continued in that role pursuant to the agreement of the Parties. (Frammartino Decl., ¶ 2).

[4] Despite his allegation in Paragraph 15 of the First Amended Complaint, Plaintiff admitted that he never intended for Nelson Rosa or Anthony Tiberio to testify at the arbitration hearing. (Am. Compl., DKT # 4, Page ID # 37; Mercer Depo., DKT # 52, Page ID # 1258-59).

[5] The Parties stipulated that a seventh witness would have also testified about similar concerns he had about discrimination issues at the facility. (Mercer Depo., DKT # 52, Page ID # 1265-66; Frammartino Decl., ¶ 10).

Near the end of the UAW's presentation of its case, during Plaintiff's testimony, Arbitrator Strongin stated that he felt the arguments raised by the UAW were becoming duplicative. (Mercer Depo., Ex. U-26, DKT # 52-26, Page ID # 2056-2062). Arbitrator Strongin further noted that the hearing was not the forum to litigate Plaintiff's entire career with Howmet, a statement to which Plaintiff agreed. (*Id.*). Arbitrator Strongin requested that the UAW tighten up the presentation of its case.[6] (*Id.*; Frammartino Decl., ¶ 9). Frammartino complied with the request. (Mercer Depo., Ex. U-26, DKT # 52-26, Page ID # 2060-62).

On March 25, 2022, Arbitrator Strongin issued the Decision and Opinion of the Board of Arbitration denying the grievance. (Mercer Depo., Ex. U-27, DKT # 52-27, Page ID # 2095-2121). Therein, the Board of Arbitration acknowledged that the UAW had argued, among other things, that Plaintiff did not intend to violate any rules by posting videos on YouTube but had instead hoped to spur the Company to address the perception of racial injustice and inequality at the Howmet facility. (Mercer Depo., Ex. U-27, DKT # 52-27, Page ID # 2113-14).

### D.  Plaintiff's EEOC Charges and the present litigation.

On or about August 2, 2022, Plaintiff filed two (2) charges with the United States Equal Employment Opportunity Commission ("EEOC"), No. 532-2022-02146 and No. 532-2022-02938, against the UAW Local 1050 and UAW respectively.[7] (Mercer Depo., Exs. U-28, U-30, DKT # 52-28, 52-30, Page ID # 2122, 2124). Therein, Plaintiff alleged that the Union Defendants discriminated against him on the basis of his race, color and in retaliation for engaging in protected activity by failing to ensure his witnesses were properly presented during his arbitration and

---

[6] Mercer alleges that his testimony was interrupted. However, he was not the only witness who was interrupted during the arbitration hearing. Both UAW and Howmet witnesses were interrupted by the representatives' objections as well as comments by Arbitrator Strongin. (Plaintiff's Responses to RFAs No. 8).

[7] The substance of the Charges was identical.

agreeing to an arbitrator who was favorable to Howmet. (*Id*.). For both charges, Plaintiff identified *July 6, 2020*, as the earliest date of discrimination by the Union Defendants. (*Id*.). Plaintiff obtained his Notices of Right to Sue on or about January 9, 2023. (Mercer Depo., Exs. U-37-U-38, DKT # 52-37-52-38, Page ID # 2158-59).

Plaintiff filed his First Amended Complaint against Howmet and the Union Defendants on or about July 7, 2023. (Am. Compl., DKT # 4). Plaintiff alleges that the Union Defendants engaged in race discrimination in violation of Title VII and R.C. Chapter 4112. On or about September 5, 2023, the Union Defendants filed a Motion to Dismiss Plaintiff's claims against them. (DKT # 13). On July 11, 2024, this Court granted the Union Defendants' Motion to Dismiss insofar as the source of Plaintiff's claims stemmed from Section 301 of the Labor Management Relations Act ("LMRA"). (DKT # 43, Page ID # 646). The Court denied the Union Defendants' Motion to Dismiss as it related to Plaintiff's Title VII and R.C. Chapter 4112 claims. (*Id.*).

## II.    SUMMARY OF THE ARGUMENT

Plaintiff cannot establish a *prima facie* case of race discrimination as a matter of law. The Union Defendants did not take any adverse action against Plaintiff. At all times, the Union Defendants adequately and fairly handled the grievance protesting Plaintiff's discharge and his requests in relation thereto. The Union Defendants' actions were taken in accordance with the Parties' CBA, their duty of fair representation, and for other legitimate, non-discriminatory reasons. Further, Plaintiff has failed to identify any similarly situated individuals who were treated differently than he was. As such, this Court should grant the Union Defendants' Motion for Summary Judgment.

Even if this Court determines that Plaintiff could establish a *prima facie* case of race discrimination, the Union Defendants would still be entitled to judgment as a matter of law because

Plaintiff cannot establish that the Union Defendants' legitimate, non-discriminatory reasons for their actions were pretext for race discrimination. The Union Defendants' actions concerning the discharge grievance were based on the CBA and other considerations that arose as the grievance advanced to arbitration. Plaintiff has identified no evidence to indicate pretext. Instead, Plaintiff offers unsubstantiated accusations that the Union Defendants conspired against him as well as his subjective opinion as to what effective representation would be. Because Plaintiff cannot produce sufficient evidence from which a jury could reasonably reject the Union Defendants' explanation and infer that they discriminated against him on the basis of race, this Court should grant the Union Defendants' Motion for Summary Judgment.

## III.    ARGUMENT

### A.    <u>Summary Judgment Standard.</u>

Fed. R. Civ. P. 56(a) mandates that a Court award summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"Once the moving party has met its burden of production, the nonmoving party then must go beyond the pleadings and by affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In other words, "the nonmoving party must do more than show that there is some metaphysical doubt as to the material facts." *Moore*, 8 F.3d at 340. "Conclusory allegations,

speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well-supported motion for summary judgment." *Gooden v. City of Memphis Police Dept.*, 67 Fed. Appx. 893, 895 (6th Cir. 2003).

Even where a material fact is disputed, a court must still grant a motion for summary judgment unless the dispute is also genuine, meaning "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. There are no genuine disputes of material fact related to the issues necessary to dispose of this case, and the Union Defendants are entitled to judgment as a matter of law.

### B. **Plaintiff cannot establish his race discrimination claims under Title VII or R.C. Chapter 4112 as a matter of law.**

Plaintiff did not allege any direct evidence that the Union Defendants discriminated against him on the basis of his race. Therefore, the *McDonnell Douglas* burden-shifting framework applies. Under that framework, Plaintiff must first establish a *prima facie* case of discrimination by demonstrating the following four elements: Under that framework, Plaintiff must establish that (1) he was a member of a protected class; (2) he was subject to an adverse action at the hands of the Union Defendants; (3) he was qualified for his position; and (4) he was treated differently than similarly situated, nonprotected employees. *Peeples v. City of Detroit*, 891 F.3d 622, 634 (6th Cir. 2018).[8] "After proving the existence of a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000). If the defendant satisfies this burden, "the plaintiff must then show that the defendant's articulated reason is a pretext for discrimination." *Id*.

---

[8] Discrimination claims under Ohio law are also analyzed using the *McDonnell Douglas* burden-shifting framework. *Nelson v. Ball Corp.*, 656 Fed.Appx. 131, 134 (6th Cir. 2016) (citing *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175 (2004)).

Plaintiff cannot establish a *prima facie* case of race discrimination as a matter of law. Even if Plaintiff could establish a *prima facie* case of race discrimination, which he cannot, the Union Defendants' actions were taken for legitimate, non-discriminatory reasons, and Plaintiff cannot establish pretext as a matter of law. The Union Defendants are entitled to judgment as a matter of law, and this Court should grant their Motion for Summary Judgment.

### 1. Plaintiff's claims of race discrimination fail as a matter of law because the Union Defendants took no adverse action against him.

In his First Amended Complaint, Plaintiff alleges that the Union Defendants took adverse actions against him on the basis of his race by:

> [1] [D]eny[ing] him fair and genuine representation in accordance with the terms of the Collective Bargaining Agreement . . . [2] ignoring [his] request for an Arbitrator other than Andrew Strongin . . . [3] [withholding] from [him] for an unreasonable period of time evidence that was favorable to [his] case and unfavorable to Defendant Howmet . . . [4] refus[ing] to present evidence favorable to [his] case that cast its White members in an unfavorable light . . . [and] [5] ignor[ing] [his] repeated requests for another representative because Spayde was not acting in his best interests.

(Am. Compl., DKT # 4, Page ID # 45-46). The "adverse actions" that Plaintiff alleges do not constitute adverse actions as a matter of law and/or are not supported by the undisputed material facts in this case. *Cf. Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) (Title VII violation for union to not pursue grievances concerning racial discrimination claims), *superseded by statute on different grounds*, Pub. L. 101-650, 104 Stat. 5114; *Alexander v. Local 496, Laborers' Intern. Union of North America*, 177 F.3d 394 (6th Cir. 1999) (Title VII violation for union to apply referral policy in a manner meant to exclude Black individuals from membership and employment opportunities). Accordingly, Plaintiff cannot establish the third element of a *prima facie* case of discrimination, and his claims against the Union Defendants fail as a matter of law.

10

a. <u>The Union Defendants did not deny Plaintiff fair representation in accordance with the CBA.</u>

The undisputed material facts establish that the Union Defendants fairly represented Plaintiff at all times.[9] "The complete satisfaction of all who are represented is hardly to be expected.  A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953). "When reviewing a union representative's actions or omissions, we must never lose sight of the fact that union agents are not lawyers, and as a general proposition, cannot be held to the same standard as that of licensed professionals." *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 539 (6th Cir. 2003).

There is no genuine issue of material fact in this case. The day after Plaintiff was discharged, UAW Local 1050 filed a grievance protesting the discharge. (Mercer Depo., Ex. U-10, DKT # 52-10, Page ID # 1442). Both Union Defendants made arguments on behalf of Plaintiff at each step of the grievance procedure and timely advanced the grievance to each appropriate next step. In fact, the UAW adjusted arguments that both Union Defendants had previously advanced when it became clear that Plaintiff had created the videos that resulted in his discharge. (Spayde Decl., ¶ 14).

The Union adequately prepared for the arbitration of Plaintiff's discharge grievance. Plaintiff acknowledges that he and Spayde communicated multiple times—including at least one (1) in-person meeting and numerous e-mails, phone calls and text messages—in preparation for the arbitration. (Mercer Depo., DKT # 52, Page ID # 1228, 1255-56; Mercer Depo., Ex. U-23,

---

[9] The protections afforded by a union's duty of fair representation under the LMRA and Title VII are similar and have some overlap. *See Peeples*, 891 F.3d at 636-38.

DKT # 52-23, Page ID # 1505-1558). Spayde prepared and sent witness questions in advance and reviewed all information provided by Plaintiff. (Mercer Depo., Ex. U-23, DKT # 52-23, Page ID # 1540-1551; Spayde Decl., ¶¶ 15-23).

During the arbitration hearing, Spayde objected to various aspects of Howmet's case and cross-examined its witnesses. (Plaintiff's Responses to RFAs Nos. 1-2). When Spayde was unable to continue at the arbitration hearing, Frammartino stepped in and presented the Union's case. (Spayde Decl., ¶¶ 36-37; Frammartino Decl., ¶¶ 4-8). Spayde furnished Frammartino with his notes, witness outlines and other exhibits. (*Id.*). Frammartino called six (6) witnesses,[10] including Plaintiff, and clearly made the case that Plaintiff did not intend to violate any rules through his conduct, but rather hoped to encourage Howmet to address racial and ethnic discrimination issues at the facility. (Mercer Depo., DKT # 52, Page ID # 1268). Unfortunately, the Union's arguments did not win the day. But a union's obligation to fairly represent members does not require 100% success in every case. *See, e.g.*, *Huffman*, 345 U.S. at 338; *Ely v. Newell Rubbermaid, Inc.*, 50 Fed. Appx. 681, 689 (6th Cir. 2002).

While Plaintiff disagrees with decisions made by the Union in handling the grievance protesting his discharge, there is no evidence to support the conclusion that the Union discriminated against him on the basis of race or otherwise failed to fulfill its duty of fair representation owed to him. Plaintiff offers nothing more than his subjective opinions and conclusory allegations in support of his claim that the Union Defendants did not fairly represent him. Those subjective beliefs and conclusory allegations concerning the decisions made and quality of representation he received are not evidence and do not create a genuine dispute of

---

[10] Several of the witnesses were UAW Local 1050 representatives, further establishing that the Union advocated fairly for Plaintiff. (Mercer Depo., DKT # 52, Page ID # 1264-65).

material fact. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) (". . . subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law."). The Union Defendants did not take an adverse action against Plaintiff by failing to fairly represent him in accordance with the CBA, and Plaintiff's claims against the Union Defendants fail as a matter of law.

        b.   <u>The Union Defendants did not take an adverse action against Plaintiff by ignoring his request for a different arbitrator.</u>

Plaintiff's second claimed adverse action is that the Union Defendants ignored his requests for a different arbitrator. This action could not constitute an adverse action as a matter of law and is factually untrue.

As noted *supra*, the CBA provides for an Umpire for arbitrations to be selected by the Parties' representatives from time to time. (Mercer Depo., Ex. U-11, DKT # 52-11, Page ID # 1450). Arbitrator Strongin has served as the Umpire for several years. (Spayde Decl., ¶¶ 25, 27). Plaintiff did not have a right to have Arbitrator Strongin removed from that role, as the selection of the Umpire is for the Parties to the CBA and not the individual grievant. Thus, the denial of his request cannot constitute an adverse action as a matter of law.

Further, the Union Defendants did not ignore his request—they simply denied it. Spayde explained to Mercer that the Parties had a good working relationship with Arbitrator Strongin and that he felt Strongin handled matters fairly. (Spayde Decl., ¶ 27). Plaintiff's only proffered reason for requesting the removal of Arbitrator Strongin was that both the Company and the Union like him. (Mercer Depo., DKT # 52, Page ID # 1274). Yet Plaintiff acknowledges that Arbitrator Strongin has ruled in favor of both the Company and the Union Defendants, including with regard to grievances concerning Black members. (Mercer Depo., DKT # 52, Page ID # 1293-94). The

13

undisputed material facts demonstrate that the Union Defendants did not take an adverse action against Plaintiff by not removing Arbitrator Strongin as a matter of law.

  c. <u>The Union Defendants did not withhold evidence that was favorable to Plaintiff and harmful to Howmet or refuse to present evidence that cast its White members in an unfavorable light.</u>

  The undisputed material facts do not support Plaintiff's allegation that the Union Defendants withheld evidence that was favorable to him and harmful to the Company or evidence that cast White members in an unfavorable light. At the arbitration hearing, Frammartino called six (6) witnesses, who all testified to racial and ethnic discrimination issues they had experienced at the facility—including those that cast White members in an unfavorable light. For example, witnesses testified that various White co-workers slept on the job, smoked on the plant floor and/or created safety violations and were not adequately disciplined by Howmet. (Mercer Depo., Ex. U-26, DKT # 52-26, Page ID # 1918-1921, 1943-45, 2033-38). The Parties further stipulated that a seventh witness would have proffered similar testimony. (Mercer Depo., DKT # 52, Page ID # 1265-66; Frammartino Decl., ¶ 10).

  While Frammartino made the decision not to present certain police reports unrelated to the videos at issue, this does not constitute an adverse action as a matter of law. Unions are not required to present every piece of evidence identified by a grievant. *See Hayes v. UPS*, 327 Fed.Appx. 579, 586 (6th Cir. 2009). Frammartino made a reasoned decision not to present the reports after Arbitrator Strongin explained that he understood the Union's argument and further instructed the Union to tighten up its presentation of its case. (Frammartino Decl., ¶ 11). Frammartino did not believe that the police reports were highly relevant to the Union's case. (*Id.*). That reasonable decision was within the scope of the Union's discretion in handling the arbitration. *Huffman*, 345 U.S. at 338. The Union did not take adverse action against Plaintiff by withholding or refusing to present certain evidence as a matter of law.

14

      d.  <u>The UAW's denial of Plaintiff's request to replace Spayde does not constitute an adverse action.</u>

The denial of Plaintiff's requests to replace Spayde does not constitute an adverse action as a matter of law. Grievants do not have a right to select the union representative who will present their grievance at hearing. *See Devore v. Rolls-Royce Energy Systems, Inc.*, 373 F.Supp.2d 750, 765-66 (S.D. Ohio 2005); *Malone v. U.S. Postal Service*, 526 F.2d 1099, 1103 (6th Cir. 1975). Like his request for a different arbitrator, the UAW did not "ignore" Plaintiff's request for a representative other than Spayde—it simply denied it. The denial was reasonable, and Mercer cannot establish that it constituted an adverse action as a matter of law.

Plaintiff claims that his request was based on (1) Spayde's handling of the 2017 grievance and (2) Spayde's alleged withholding of certain evidence from Plaintiff. (Mercer Depo., DKT # 52, Page ID # 1233, 1240-43). As to the 2017 grievance, Spayde informed Plaintiff that he attempted to negotiate a lesser discipline, but the Company was not agreeable. (Spayde Decl., ¶ 7). In any event, Plaintiff acknowledged he would not have accepted a lesser discipline. (Mercer Depo., DKT # 52, Page ID # 1235). When he withdrew the 2017 grievance, Spayde explained that the Company had three (3) witnesses to the conduct at issue so success at arbitration would be unlikely. (Spayde Decl., ¶ 7). Further, Spayde told Plaintiff that his own counsel had failed to respond to his phone calls and provide evidence that he allegedly had that could have aided in pursuing the 2017 grievance. (Mercer Depo., Ex. U-16, DKT # 52-16). Throughout the conversation in which Spayde informed Plaintiff that the Union intended to withdraw the 2017 grievance, Plaintiff stated that he understood the decision. (*Id.*).

Plaintiff claims that Spayde failed to immediately inform him when he became aware that Plaintiff had admitted to his involvement in creating the videos that resulted in his discharge and that he withheld a July 2020 police report pertaining to the videos that resulted in Plaintiff's

discharge. Spayde did not immediately inform Plaintiff when he learned of Plaintiff's admission to creating the videos for the following reasons: (1) Plaintiff, through his counsel, had made the admission and (2) Spayde knew he would be meeting with Plaintiff in the near future well in advance of any arbitration hearing. (Spayde Decl., ¶ 12). As for the July 2020 police report, Spayde did not have knowledge of its existence prior to the arbitration for Plaintiff's discharge grievance. (Spayde Decl., ¶ 35). Plaintiff presented no evidence to the contrary, and he acknowledges that the Union Defendants did not have a duty to seek out information that they did not know existed. (Mercer Depo., DKT # 52, Page ID # 1240). There is no genuine issue of material fact in dispute, and the Union Defendants did not take an adverse action against Plaintiff by not replacing Spayde as his Union representative as a matter of law.

### 2.  Plaintiff's claims fail because he did not identify any similarly situated individuals.

"To satisfy the similarly-situated requirement, a plaintiff must demonstrate that the comparable employee is similar 'in all *relevant* aspects.'" *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (italics in original)). "In order to be similarly situated in the disciplinary context, an employee 'must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Brown v. Metropolitan Government of Nashville and Davidson Cty.*, 722 Fed. App'x 520, 527-28 (6th Cir. 2018) (quoting *Ercegovich*, 154 F.3d at 352). Plaintiff does not identify anyone, let alone anyone *similarly situated* to him, who was not subject to the same alleged adverse actions as him. Thus, he cannot establish the fourth element of his *prima facie* case, and the Union Defendants are entitled to judgment as a matter of law.

16

Plaintiff has not identified any similarly situated members who the Union Defendants treated differently than him at an arbitration. (Mercer Depo., DKT # 52, Page ID # 1341-42). Nor has Plaintiff identified any members who were allowed to select a different arbitrator or a different Union representative. (*Id.*). Plaintiff further admits that he has no evidence that Spayde treated any other member differently than him. (Mercer Depo., DKT # 52, Page ID # 1273-74). The undisputed material facts establish that Spayde handled Plaintiff's grievance in a similar manner to the way he handles others. (Spayde Decl., ¶¶ 15, 21).

Plaintiff identifies three (3) individuals who he claims were "coerced" into accepting unfavorable settlements by the Union Defendants. (Mercer Depo., DKT # 52, Page ID # 1283-84). But Plaintiff admits that he has no knowledge of the facts surrounding those alleged settlements. (Mercer Depo., DKT # 52, Page ID # 1340-41). Furthermore, Plaintiff recognizes that he was not "coerced" into accepting an unfavorable settlement, and that his discharge grievance advanced to arbitration, so the three (3) individuals he identified are not similarly situated persons. (Mercer Depo., DKT # 52, Page ID # 1341). Plaintiff also asserts that the Union Defendants were somehow involved in other individuals not being disciplined for certain misconduct. (Mercer Depo., DKT # 52, Page ID # 1321-25). Yet Plaintiff admits that the Union is not involved in disciplining employees. (Mercer Depo., DKT # 52, Page ID # 1212, 1286). Plaintiff cannot establish the fourth prong of his *prima facie* case of race discrimination as a matter of law, and the Union Defendants are entitled to summary judgment.

### 3. Plaintiff cannot establish that the Union's legitimate non-discriminatory motives were pretext for race discrimination.

Even if Plaintiff could establish a *prima facie* case of race discrimination, which he cannot, he cannot demonstrate that the Union Defendants' decisions were motivated by racial animus rather than legitimate, non-discriminatory reasons. "'[A] plaintiff can show pretext in three

17

interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action.'" *Redlin v. Grosse Pointe Public School System*, 921 F.3d 599, 612 (6th Cir. 2019) (quoting *Chen v. Dow Chem*. Co., 580 F.3d 394, 400 (6th Cir. 2009)). "To survive summary judgment, a plaintiff 'must produce sufficient evidence from which a jury could reasonably reject [the defendant's] explanation of why it' took an adverse employment action against the plaintiff." *Id*. (quoting *Chen*, 580 F.3d at 400). Because Plaintiff can offer no evidence to establish any of these theories of pretext, the Union Defendants are entitled to summary judgment for his discrimination claim.

As discussed more fully in Section III.B.1., the Union Defendants took all actions in connection with the grievance protesting Plaintiff's discharge, including the denial of his request for a different arbitrator and representative and decisions concerning presentation of evidence, for legitimate, non-discriminatory reasons. At all times, the Union Defendants represented Plaintiff fairly and in a non-discriminatory manner.

Plaintiff cannot establish that the Union Defendants' reasons for its actions in handling his discharge grievance in the manner they did were pretexts for discrimination. With regard to the choice of arbitrator, it is undisputed that the Parties utilized Arbitrator Strongin as the Umpire for years. (Mercer Depo., DKT # 52, Page ID # 1271-72; Spayde Decl., ¶¶ 25, 27). Plaintiff admits that he has no evidence of Arbitrator Strongin treating White and minority members differently or arbitrarily. (Mercer Depo., DKT # 52, Page ID # 1341-42). Plaintiff further acknowledges that Arbitrator Strongin has ruled in favor of both Parties during his tenure as Umpire. (Mercer Depo., DKT # 52, Page ID # 1293-94). Plaintiff cannot identify any other member of the Union who was allowed to select a different arbitrator. (Mercer Depo., DKT # 52, Page ID # 1342).

As to Plaintiff's allegations concerning the Union's presentation of evidence, he similarly cannot establish that the decisions made had no basis in fact. Plaintiff does not dispute that the Union presented six (6) witnesses, including Plaintiff, in support of his discharge grievance. Nor does Plaintiff dispute that Arbitrator Strongin instructed Frammartino to tighten up the presentation of the UAW's case because he understood the argument being advanced. (Mercer Depo., Ex U-26, DKT # 52-26, Page ID # 2056-2062). And Plaintiff has offered no evidence of any other members of the Union who were allowed to determine every piece of evidence introduced at an arbitration hearing. (Mercer Depo., DKT # 52, Page ID # 1341-42)

Plaintiff similarly cannot establish that the Union Defendants did not consider his request to have Spayde removed. Nor can Plaintiff show that Spayde treated any other member differently when representing them or that any other member was allowed to select their Union representative. (Mercer Depo., DKT # 52, Page ID # 1273, 1342). Plaintiff cannot demonstrate that the UAW had no basis in fact when it allowed Spayde to continue in his representation of Plaintiff.

Plaintiff similarly cannot establish that the Union Defendants were not actually motivated by their proffered reasons for handling his various requests and the discharge grievance in the manner they did. Plaintiff offers nothing more than conclusory allegations that the Union Defendants conspired against him for racially discriminatory reasons. (*See, e.g.*, Mercer Depo., DKT # 52, Page ID # 1275-76, 1314, 1319-1320, 1326-28). Such allegations are not sufficient to create a genuine dispute of material fact. *Gooden*, 67 Fed. Appx. at 895. Plaintiff's disagreements with the Union Defendants' decisions likewise do not show that the Union Defendants were not motivated by their proffered reasons. Plaintiff cannot demonstrate that the Union Defendants were not motivated by their proffered reasons for their decisions as a matter of law.

19

Finally, Plaintiff cannot establish that the Union Defendants' reasons for their actions were insufficient to motivate their decisions. Unions are entitled to deference in exercising their bargaining responsibilities. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991). At all times, the Union Defendants complied with the requirements of the Parties' CBA and their duty of fair representation and took calculated action in response to evolving facts when handling Plaintiff's discharge grievance. The Union Defendants' analysis and decisions in not complying with certain requests by Plaintiff and not presenting duplicative evidence were reasonable. The Union Defendants' actions were taken for legitimate, non-discriminatory reasons.

Plaintiff has offered no evidence supporting a finding of pretext in this matter. Plaintiff cannot produce sufficient evidence from which a reasonable jury could reject the Union Defendants' explanations and infer that they discriminated against him due to his race. As such, Plaintiff cannot establish pretext as a matter of law, and his claims for discrimination fail under the *McDonnell Douglas* burden shifting framework. This Court should grant the Union Defendants' Motion for Summary Judgment.

## IV.    CONCLUSION

Plaintiff's claims against the Union Defendants fail as a matter of law because he cannot establish a *prima facie* case of race discrimination under Title VII or R.C. Chapter 4112. The undisputed material facts demonstrate that the Union Defendants did not take any adverse action against Plaintiff and that Plaintiff cannot identify any similarly situated persons. Even assuming *arguendo* that Plaintiff could establish a *prima facie* case for his claims, he cannot establish that the Union Defendants' proffered legitimate, non-discriminatory reasons were a pretext for race discrimination. For these reasons, and all the reasons set forth herein, the Union Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss the claims against them in their entirety.

Respectfully submitted,

**JOYCE GOLDSTEIN & ASSOCIATES**

**Of Counsel:**

*/s/ Kristin Seifert Watson*
Kristin Seifert Watson (0078032)
Lane C. Hagar (0101110)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:    (614) 461-4455
Facsimile:    (614) 621-6293
Email:        kwatson@cloppertlaw.com
              lhagar@cloppertlaw.com

Joyce Goldstein (0029467)
Joyce Goldstein & Associates
3080 Laurel Road
Cleveland, Ohio 44120
Telephone:    (216) 771-6633
Facsimile:    (216) 509-2542
Email:        jgoldstein@ggcounsel.com

*Counsel for Defendants UAW and UAW Local 1050*

21

## **STATEMENT OF COMPLIANCE**

This case has been assigned to the Standard Track. This Memorandum complies with the page limitations set forth in Local Rule 7.1(f).

Respectfully submitted,

*/s/ Kristin Seifert Watson*
Kristin Seifert Watson (0078032)

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on August 15, 2024, using the Court's CM/ECF system. All parties may access this filing utilizing the Court's ECF system.

Respectfully submitted,


*/s/ Kristin Seifert Watson*
Kristin Seifert Watson (0078032)

23