IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT MERCER, JR., | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:23-CV-00728 |
| | ) |
| vs. | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| HOWMET AEROSPACE INC, et al., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ROBERT MERCER, JR'S MEMORANDUM CONTRA DEFENDANTS UAW INTERNATIONAL AND UAW LOCAL 1050'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Robert Mercer Jr., ("Plaintiff"), by and through counsel, and submits his Memorandum Contra Defendants UAW And UAW Local 1050's Motion for Summary Judgment ("Defendants UAW's Motion"). Plaintiff submits that Defendants UAW's Motion, filed on August 15, 2024, fails to establish that there are no genuine disputes as to any material facts and, therefore, as a matter of law, Defendants UAW are not entitled to summary judgment. Basically, given the fact that genuine issues of material fact exist, summary judgment is inappropriate. Fed R. Civ. P. 56 (a), as described in detail, below, in the attached Memorandum.

Respectfully submitted,

/s/ Rachael J. Martin

Rachael J. Martin (76085)
**R.J.M. Law LLC**
333 Babbitt Road, Suite 233
Cleveland, Ohio 44123
T: (888) 580-8901/F: (888) 980.1066
Email: RJMLaw.US@gmail.com

/s/ *James L. Hardiman*

James L. Hardiman, (0031043)
**Attorney At Law James L. Hardiman**
3615 Superior Avenue-Suite 3101-D
Cleveland, Ohio 44114
216) 431-7811-Business
(216) 431-7644-Facsimile
Email: JamesHardiman11.@gmail.com
Email: attyjhard@aol.com

**Attorneys for Plaintiff
Robert Mercer, Jr.**

# TABLE OF AUTHORITIES

**STATUTES**

Title VII, Civil Rights Act of 1964, as amended ................................. 5, 6, 10

Ohio Revised § 4112.01 et seq .................................................. 5,6, 10

**RULES OF PROCEDURE**

Federal Rule of Civil Procedure 56 ................................................ 7, 16

**TABLE OF CASES**

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S. Ct. 1505 (1989) ....................... 7

*Celotex Corp. v. Catrett,* 477 U.S. 317,324-325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ..... 7

*LaPointe v. United Autoworkers* Local 600, 8 F.3rd, 376, 378 (6th Cir. 1993) ............. 7

*Johnson Longshoremen Assn'n Local 815 AFL-CIO*, 520 F. App'x 454 (7th Cir.l 2014 ....... 8

*Louise Davis v. Howmet, et al.,*
Case No. 1:24-cv-01548 ........................................................... 6

*Moran v. Al Basit LLC,* 788 F.3d 201, 204 (6th Cir. 2015) ................................. 9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, S. Ct. 1348 (1986) ..... 9

*Robert Mercer, et al. v. Arconi Inc. et al.*
Cuyahoga County Common Pleas Court, Case No. CV 2020 CV 93156 .................. 6

## **PLAINTIFF'S MEMORANDUM CONTRA DEFENDANTS UAW'S MOTION FOR SUMMARY JUDGMENT**

### I.  **GENUINE ISSUES OF MATERIAL FACT**

**Plaintiff** submits that there are genuine disputes as to the material facts stated below:

1. Whether Plaintiff was subjected to disparate and discriminatory treatment because of his race, African American, when Defendant UAW International failed to provide effective representation and defense in addressing Defendant Howmet's discriminatory discipline and termination.

2. Whether Plaintiff was subject to disparate and discriminatory treatment because of his African American race when Defendant UAW declined to remove Representative Patrick Spayde ("Spayde") as his representative for the Arbitration of Plaintiff's grievance challenging Defendant Howmet's termination of his employment, despite his repeated requests that Spayde be replaced.

3. Whether Plaintiff was subjected to disparate and discriminatory treatment because of his race, African American, when Defendants UAW International and UAW Local 1050, refused to replace Spayde for Plaintiff's arbitration knowing that Spayde was experiencing serious medical treatment and, as a consequence, he would likely not be provide necessary representation or be available to complete the Arbitration.

4. Whether Plaintiff was subjected to disparate and discriminatory treatment because of his race, African American when Representative Spayde intentionally withheld from Plaintiff for nearly six weeks, critical, substantive, information and evidence that Spayde knew would negatively impact the Arbitration i.e. (The fact that Defendant Howmet was aware of the fact that Plaintiff had posted the social media content, which Plaintiff had continuously denied.

5. Whether Plaintiff was subjected to disparate and discriminatory treatment because of his  race, African American when Representative Spayde intentionally failed to offer into evidence at the Arbitration, Cuyahoga Heights Police Reports which directly contradicted the testimony of Defendant Howmet's (Arconic) witnesses. (Exhibits 2, 3, 4 and 5).

4

6. Whether Plaintiff was subjected to disparate and discriminatory treatment because of his race, African American when Representative Spayde intentionally withheld and failed to offer into evidence at the Arbitration, **Cuyahoga Heights Police Report No. 202000137**, including the **07-17-2020-Supplement Title YouTube** Video. (See Exhibits 6).

7. Whether this Court can reasonably infer that Plaintiff was subjected to disparate and discriminatory treatment because of his race, African American, based on the cumulative evidence that establishes sufficient genuine disputes of material facts, ¶¶ 1 through 6.

Defendants UAW ("Defendant UAW") through the cumulative conduct and/or intentional omissions of its officials and/or employees, specifically Representative Spayde working with the Mohn Brothers, all of whom are also Caucasian, conspired and collaborated with Defendant Howmet employees, all of whom were also Caucasian to unlawfully deny Plaintiff and other African American employees the same terms and conditions afforded similarly situated Caucasian employees and, thereby, violated Plaintiff's and other African American employees rights under Title VII, and R.C. § 4112.01 et seq. solely because of their African American race.

It is significant that Defendant Howmet, since the filing of this case has sought to denigrate Plaintiff and cast him as a vexatious litigator and complainer who, without just cause, sees discrimination everywhere. Of course that position by Defendant Howmet ignores the real probability that racial issues actually exist and should be addressed. Nevertheless, Defendant Howmet has sought to make this court believe that Plaintiff's efforts to fight the perpetual racial discrimination against African American members of Defendant UAW Local 1050. is unwarranted.

Plaintiff believes that this Court should take Judicial Notice that neither Defendant UAW International nor Defendant UAW Local 1050 took any action to address or take

5

action to protect the rights of African American Plaintiffs, Louise Davis, Chris Tatum, Dominque Jackson and Darryl Howard in the state court case captioned, *Robert Mercer, et al. vs. Arconi Inc., et al.* Cuyahoga Common Pleas Court, Case No. CV 20-931566. Noteably, Defendants UAW the failure to represent the interests and/or rights of African American employees continues to this day. Plaintiff's June 25, 2024, deposition testimony identifies the consistent and continuous failure of Defendants UAW to protect African American employees rights and interests under Title VII and R.C. § 4112.01 et seq.

Siognificanly, Plaintiff testified during deposition that Defendants UAW had failed to protect the rights and interest of Louise Davis ("Davis") an African American of Defendant Howmet. (See Tr., Pgs 159:L25 to 160: L15). In spite of the Union's obligation to provide representation, Davis was forced to represent herself although she had been stalked, harassed and intimidated by her male supervisor, Derek Harvey. (See Louise Davis v. Howmet, et al., Case No. 1:24-CV-01548).

Plaintiff's Memorandum Contra to Defendant UAW's Motion is supported by Plaintiff's sworn affidavit that establishes that there are material and genuine disputed facts. Additionally, the Affidavits of current Defendant Howmet employees Maurice Flether and Alvis Ford and former Defendant Howmet employee Michael Dickson, attached hereto as exhibits 7, 8 and 9 respectively also places into question the genuine issues of material fact that would render summary judgment inappropriate.

6

## II. SUMMARY JUDGMENT STANDARD

It is well established that Summary Judgment is only appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Basically, summary judgment obviates the need for a trial where there is no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law Fed. R. Civ. P. 56(a). In determining whether a genuine issue of fact exists, the court should pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U. S. 317 196 S. Ct. 2548. In response to a well-pleaded motion for summary judgment, the nonmoving party cannot merely rest on pleadings alone but must use the various evidential tools available to identify specific material facts that demonstrate a genuine issue for trial. *Id* at 324.

In the present situation, in deciding whether the Union is entitled to summary judgment, Plaintiff as the nonmoving party is entitled to having all facts and reasonable inferences decided in his favor. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S. Ct. 2505 (1989), *LaPointe v. United Autoworkers Local 600*, 8 Fed.3d 376, 378 (**6th Cir. 1993**. Finally, "A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Smith v. Perkins Bd. Of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (citing *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002).

Furthermore, it is well-established that a union is and, indeed, Defendant UAW can be liable under Title VII if it discriminates in the performance of its agency function. In the present situation, it is undisputed that Defendants UAW owed him a duty of "fair and effective representation." Unions in general and this Union in particular are also liable for ineffective racially motivated conduct and are liable for the employer's discriminatory conduct if they knew or should have known what is going on and choose to do nothing. (or select ineffectual steps when better ones are available. *Johnson v. Int'l Longshoremen's Assn'n Local 815 AFl-CIO,* 520 F. App'x, 454 (7th Cir. 2013). During a telephone conversation Spayde admitted that he knew and, therefore, Defendant, Howmet knew that Defendant Howmet was racially discriminating against African American and Hispanic Defendant, (UAW's Exhibit U/16)empoyees,

Here, the Plaintiff has identified a Union policy and practice that promoted or corroborated discriminatory practices by Defendant Howmet which, could have and, indeed, should have been properly addressed. As noted, a union can be held liable under Title VII if its actions opened the door for the employer to discriminate against an employee Plaintiff based on his or her race. Therefore, the question in this case is whether Plaintiff can present sufficient evidence to create a genuine issue of material fact such that the case should proceed to trial on the claim that the union intentionall discriminated against him and failed to effectively address his legitimate concerns based on his race. The issue of direct versus indirect evidence should not be the focus of this inquiry. The real question is whether the evidence of record would permit a

reasonable factfinder to conclude that the Plaintiff's race, African American was a deciding factor in Defendants UAW's ineffective representation.

In the present case, it is clear that the Defendants UAW has not and, indeed, cannot establish the absence of genuine issues of material fact. See. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 (1986) internal quotation omitted). Furthermore, since "all reasonable inferences must be made in favor of the non-moving party" the reasonable inferences in this case strongly favor the Plaintiff. See *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) quoting *Little Caesar Enters., Inc. v. OPPCO,* LLC, 219 F.3d 547, 551 (6th Cir. 2000). In summary, the Defendants UAW as the moving party bears the burden of showing that no genuine issues of material fact exist which, in the present situation, is not the case. *Celotex Corp. v. Catrett, Supra.*

### III. STATEMENT OF THE CASE

On or about March 24, 2017, Defendant Howmet employee Brian Goans ("Goans") falsely accused Plaintiff of threating him on the plant floor, in the vicinity of a 50,000,000-ton press ("Press").[1] Goans made the false allegations against Plaintiff because Plaintiff had complained to Defendant Howmet Human Resources employees that Michael Korney, a Caucasian, Utility Operator ("Korney") had not been disciplined for creating a life threating safety violation on the plant floor, on Friday, March 17, 2024 Based on Defendant Howmet's policy and practice of imposing harsher and disparate discipline against African American and Hispanic employees, Plaintiff was of the legitimate belief that had a Black Utility Operator, created a similar

---

[1] Goans is now deceased.

9

life threating safety violation he would have been subjected to serious discipline. Including termination of his employment

Instead of addressing the safety violation created by Korney, Defendant Howmet imposed a 30-day suspension against Plaintiff based upon Goans' March 24, 2017, false allegations that Plaintiff had threatened him with physical violence. As a proximate result of Defendant Howmet's action in imposing harsher discipline on Plaintiff, his belief of disparity in the imposition of discipline was further reinforced. This belief was reinforced when Defendant Howmet failed to discipline Korney for the life threating safety violation he created and ignored Plaintiff's complaints that Black and Hispanic employees had consistently been subjected to disparate disciplinary treatment as opposed to their Caucasian counterparts.

Because Defendant Howmet ignored Plaintiff's repeated complaints that Black and Hispaic employees were being subjected to disparate treatment in the form of more severe discipline, on July 15, 2020, Plaintiff began posting a series of social media reports detailing the disparity that existed at Defendant Howmet's facility. Plaintiff has long maintained that his actions in posting and detailing the disparity that existed constituted a protected activity pursuant to Title VII, and R.C. § 4112.01 et seq. Based on Plaintiff's sincere belief that his posting actions were protected, he fully acknowledged that he has posted and continues to post on the internet and various social media platforms content emphasizing, exposing and detailing the ongoing and pervasive patterns and practices of racial discrimination that exist at Defendant Howmet's facility.

In spite of Plaintiff's social media activities being protected, Defendant Howmet terminated Plaintiff's employment on August 6, 2020, allegedly because he violated its Code of Conduct and Social Media Policy ("SMP"). However, prior to Plaintiff's August 6, 2020, termination Defendant Howmet had not provided him training on whatever, if any SMP **was** in place at the time.[2] In fact, the document Defendant Howmet purports to be a signature list of employees that attended training of the SMP, makes no reference to a SMP. **In fact, t**he document is actually titled as "Flight and Safety/Ethics." (See Exhibit 5). Moreover, Plaintiff submits that it is significant that Defendant Howmet sought to support its Motion for Summary Judgment, with the Affidavit of Tom Holbert and Exhibit 5. Plaintiff contends that he had never seen the SMP before his deposition on June 25, 2024, which raises a genuine issue of material fact for the trier of fact to consider.

Interestingly, the SMP attached to Defendant Howmet's Motion, is from Arconic, Howmet's prior entity and is undated..However, the SMP policy attached to Defendants UAW's Motion for Summary Judgment filed on September 15, 2024, is dated March 2020, and identified as Exhibit U-7. This clearly establishes that it could not have been presented to Plaintiff or any other of Defendant Howmet employees on October 17, 2019. Based on all of the foregoing facts, reasonable could not, logically, conclude that the course description involved a social media policy and, consequently, there is a genuine issue of material fact as to whether Defendant Howmet's actions in justifying Plaintiff's termination based on a non existent SMP reeks of a situation in which their action was actually a pretext for racial

---

[2] See Exhibit 5.

11

discrimination. Furthermore, Plaintiff has consistently and unwaveringly testified as to *never* having seen nor aware of a SMP.[3] Therefore, Plaintiff contends that he was subjected to pervasive and discriminatory actions on the part of his employer, and Defendants UAW breached their obligation to provide effective representation based on his African American race. In light of the fact that members of classes that were not protected were often-times zealously represented by Defendants UAW it is reasonable to infer that Defendant UAQ breached their obligation of fair and effective representation by not effectively addressing the discrimination to which Plaintiff was subjected and, arguably, conspired with Defendant Howmet by not providing effective representation.

Defendants UAW has now attempted to shift the blame on the Arbitrator, fpr their ineffective, and reckless representation Plaintiff was provided throughout his Arbitration. When UAW Representative Spayde was absent or otherwise not available, UAW Representative Frammartino proved equally ineffective bending to pressure from the Arbitrator, agreeing to proffer Plaintiff's evidence, rather than aggressively demanding that Plaintiff's witnesses be afforded the opportunity to testify fully. On the other hand, Howmet's witnesses were afford the opportunity to complete their testimony without the Union objecting to the double standard. (See Defendants UAW's Motion For Summary Judgment, pg. 6). (Also, see Arbitration Transcript, Volume III, pg. 442).

Plaintiff submits that a consideration of the conduct of UAW Representative Spayed in failing to address his legitimate and failing to provide an adequate,

---

[3] Arbitration, Volume III, November 30, 2021, page 465; Deposition Plaintiff, June 25, 2024, page 23.

comprehensive or appropriate defense and failing to enter into evidence, relevant documents was so deficient that reasonable minds might well conclude that a conspiracy actually existed or, minimally, that there was a genuine issue of material fact for consideration by the trier of fact.

Indeed, the Affidavits of Plaintiff, current Defendant Howmet employees, Maurice Fletcher and Alvis Ford provide sworn evidence that Defendants UAW, through Representative, Patrick Spadye ("Spayde") and Local 1050 officials and members collaborated with Defendant Howmet for two purposes: (1) to increase the likelihood that the Arbitration would be resolved in favor of Defendant Howmet; and (2) to significantly reduce the likelihood that the Arbitration would be decided in Plaintiff's favor. Under these circumstances, there is a genuine question as to whether Plaintiff's claim of race discrimination regarding the representation provided by Defendant UAW was so deficient as to infer conspiracy or actually a thinly disguised pretext for racial discrimination. Furthermore, Plaintiff claims that UAW representative Spayde failed to provide an effective argument rebutting or even challenging the racially discriminatory termination of his employment by Defendant Howmet.

## IV. SUMMARY OF **GENUINE ISSUES OF MATERIAL FACT**

The representation provided to Plaintiff by Spayde and Defendants UAW fails in every respect to comply with the mission stated in their Constitution and required under the law. Contrary to their obligations to not discriminate, Plaintiff was subjected to on-going and pervasive discrimination and retaliation without effective representation based on his race.

Indeed Article 2 of the Constitution of the United Automobile Aerospace and Agricultural Implement Workers of America, UAW, adopted at the 37th Constitutional Convention June 2018 states, in relevant part:

> **To unite organization, regardless of religion, race, creed, color, sex, political affiliation or nationality, age, marital status or sexual orientation, gender identity or gender expression, all employees under the jurisdiction of this International Union.**

Regardless of Defendant UAW's stated commitment to equality and non-discrimination, they failed Plaintiff in numerous respects to discharge their obligations which raises a genuine issue of material fact.

First There is no reasonable justification or excuse for Spayde having and not entering into evidence Exhibit 6. Exhibit 6 indicates that Defendant Howmet's initial reaction to Plaintiff's social media postings was to have him criminally prosecuted. The Cuyahoga Heights Police report clearly shows that its officers concluded that, contrary to Howmet's contention of criminality, the photos did not rise to the level that would justify criminal prosecution. The Cuyahoga Heights Police noted that,

"After reviewing the entire video, although it does show photos of current employees it does not incite violence or a threat to any group or individual person. I also had Dep. Chief Davis reviewed this video and he also agrees with my conclusion." The disposition of Defendant Howmet's complaint was determined to be unfounded. (See Exhibit 6).

Second, Defendant UAW's actions in failing to prepare and present a coherent defense is indicative of Defendant UAW's violation of their contractual obligation to provide him with effective representation, based on his race and rights protected under both Title VII and Revised Code 4112, et seq..

14

Third, Defendant, UAW's actions in ignoring Plaintiff's repeated requests for the Union to take actions to have the Arbitrator recused and/or replaced by a fair and unbiased fact finder raises a genuine questions of material as to whether the Union's actions were merely perfunctory in nature and were, in fact, designed to endorse his discriminatory treatment by his employer and, was in reality a breach of their obligation of fair representation.

Fourth, the Union's actions in assigning Representative Patrick Spayde to provide him with representation despite Plaintiff's repeated requests for his removal constituted a breach of the Union's duty and contractual obligation to provide him with fair and effective representation.

Fifth, the Unions actions in withholding evidence that was exculpatory in nature and would have substantiated Plaintiff's position and contradicted the basis for his termination raises genuine questions as to whether the Union's actions were, in fact, discriminatory.

Therefore, Plaintiff contends that, considering the applicable law and evidence, reasonable minds could come to a conclusion adverse to Defendants UAW position under Civ. R. 56 (C), where. as is the case in this situation, the evidence is construed in the light most favorable to Plaintiff.

## V. **CONCLUSION**

Plaintiff has identified areas in which reasonable minds might have concerns relative to genuine issues of material fact which would render summary judgment inappropriate. Defendant UAW had a contractual obligation to provide Plaintiff with effective representation consistent with the same quality and caliber of

representation that they provided to all other union members. Without second-guessing legitimate tactics, a careful review of the all of the things that transpired contain the undeniable inference that Defendant's UAW's actions were improperly motivated by race and, as such, there exist genuine issues as to material facts..

Respectfully submitted,

/s/ Rachael J. Martin
Rachael J. Martin (76085)
**R.J.M. Law LLC**
333 Babbitt Road, Suite 233
Cleveland, Ohio 44123
T: (888) 580-8901/F: (888) 980.1066
Email: RJMLaw.US@gmail.com


/s/ James L. Hardiman
James L. Hardiman, (0031043)
**Attorney At Law James L. Hardiman**
3615 Superior Avenue-Suite 3101-D
Cleveland, Ohio 44114
216) 431-7811-Business
(216) 431-7644-Facsimile
Email: JamesHardiman11.@gmail.com
Email: attyjhard@aol.com


**Attorneys for Plaintiff
Robert Mercer, Jr.**

## CERTIFICATE OF SERVICE

We hereby certify that on September 24, 2024, a copy of the foregoing **Plaintiff Robert Mercer's, Jr.'s Memorandum Contra Defendants UAW International And UAW Local 1050's Motion For Summary Judgment**, was served upon counsel for **Defendants UAW International** and **UAW Local 1050** and **Defendant Howmet Aerospace, Inc.,** *through* the Courts electronic filing system.

/s/ Rachael J. Martin
Rachael J. Martin (76085)

/s/ James L. Hardiman
James L. Hardiman, (0031043)

**Attorneys for Plaintiff
Robert Mercer, Jr.**