**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT MERCER,** | ) | CASE NO. 1:23-CV-00728 |
| | ) | |
| *Plaintiff,* | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| *v.* | ) | |
| | ) | **DEFENDANT HOWMET** |
| **HOWMET AEROSPACE INC., et al.,** | ) | **AEROSPACE INC.'S REPLY BRIEF** |
| | ) | **IN SUPPORT OF ITS MOTION FOR** |
| *Defendants.* | ) | **SUMMARY JUDGMENT** |

Pending before the Court are the Motion of Defendant Howmet Aerospace Inc. for Summary Judgment and Plaintiff Robert Mercer's Brief in Opposition. Although Plaintiff opposed Howmet's Motion, he failed to show that any genuine issue of material fact remains in dispute. Howmet's Motion should therefore be granted.

**I.    The Undisputed Facts Necessitate Granting Howmet's Motion.**

Plaintiff had the burden of demonstrating, through admissible record evidence, that a genuine issue of material fact remains in dispute. Plaintiff, however, failed to meet this burden, as the following material facts remain undisputed:

- Howmet had a Social Media policy, Code of Conduct, and Racial and Sexual Harassment policy in place during Plaintiff's employment. (Holbert Aff. ¶¶ 6-10, at Ex. 1; Pl. 2019 at 150, Ex. 8; Pl. Tr. 2021 at 74-76, Ex. 6; Pl. Aff. at ¶¶ 40, 43)

- Howmet had various methods for employees to report concerns such as discrimination, but Plaintiff never used any of those methods during his employment. (Pl. Tr. 2019 at 120-121, 152-155, 166, 170-171, 267; Holbert Aff. at ¶¶11-12)

- Instead, Plaintiff posted disturbing, intimidating, and harassing videos on YouTube comparing Howmet employees to some of the worst people in contemporary history: Adolf

1

Hitler, the Ku Klux Klan, abusive slave owners, and persons convicted of racially-motived murders. (Part 2 Video; Part 5 Video; Part 6 Video; Pl. Tr. 2021 at Ex. 7-9; Pl. Tr. 2021 at 76, 78, 135, 139-140, 153, 155; Holbert Tr. at 40-41).

- Plaintiff lied multiple times during Howmet's investigation regarding the videos. (Pl. Tr. 2021 at 157-160; Whitton Tr. at 18-19, 35-36, Ex. 1)

- Howmet's investigation yielded evidence showing that: (1) Plaintiff posted the videos; and (2) Plaintiff provided false information during the official investigation regarding the videos. (Pl. Tr. 2021 at 106-107, Ex. 4, Ex. 8; Holbert Tr. at 49-50, 63; Holbert Aff. at ¶14, Ex. 2-3)

- Plaintiff violated <u>five</u> separate Howmet policies, <u>each</u> of which provided an independent basis for termination. (Holbert Tr. at 59, 64; Whitton Tr. at 49; Pl. Tr. 2021 at 184, Ex. 16)

Based on these undisputed material facts, Howmet is entitled to summary judgment.

**II. Plaintiff's Reliance Upon Irrelevant and Inadmissible Evidence Is Not Sufficient To Carry His Evidentiary Burden.**

Faced with the undisputed material facts outlined above, Plaintiff spent the bulk of his Opposition describing events that: (1) are completely irrelevant to the event at issue in this lawsuit – Plaintiff's termination; (2) have not been substantiated; (3) are alleged to have happened to *other people*; (4) are alleged to have happened *years before* or *years after* Plaintiff's employment with Howmet; or (5) are not supported by admissible evidence. For example:

- Plaintiff's Opposition includes an Affidavit from a former Howmet supervisor named Michael Dickson. (Exhibit 4 to Plaintiff's Opposition) The Dickson Affidavit is entirely irrelevant, however, because Mr. Dickson testified during his prior deposition that he has no personal knowledge regarding Plaintiff's employment or his discipline:

2

> Q: Mr. Benjamin asked you about Mr. Mercer . . . and the other . . . plaintiffs in this case . . . Were they ever your employees?
> A: No.
> Q: Did you ever supervise any of them?
> A: No.
> Q: Do you have any personal knowledge about their performance, how they performed?
> A: No.
> Q: Do you have any personal knowledge about their disciplinary records?
> A: No.
> Q: Were you involved in any of event that lead to any of them being disciplined?
> A: No.
> Q: Do you have knowledge about whether any of their discipline was appropriate or inappropriate?
> A: No.

(Dickson Tr. at pp. 111-112 attached hereto as Exhibit M)

- Furthermore, Mr. Dickson's Affidavit is replete with allegations that are irrelevant to Plaintiff's claims, such as allegations about racial graffiti that Mr. Dickson alleges to have seen. Such evidence is irrelevant to Plaintiff's case, as Plaintiff testified that he never saw any racial graffiti at Howmet. (Pl. Tr. 2021 at pp. 195-199)

- Plaintiff's Opposition also includes a lengthy discussion regarding events that allegedly happened as far back as 2002, years *after* Plaintiff's August 2020 termination, or on dates that are not identified. (Pl. Opp. at p. 8; Fletcher Aff. at ¶6; Ford Aff. at ¶ 11) Events remote in time and otherwise unconnected with Plaintiff's termination are irrelevant.

- Plaintiff's Opposition and Plaintiff's accompanying affidavit include a description of discipline that Plaintiff received in March 2017 for threatening a co-worker. (Pl. Opp. at pp. 3-4; Pl. Aff. ¶¶ 7-16, 27-28, 33-34) Any issues with regard to the March 2017 discipline, however, were adjudicated in a separate discrimination case that Plaintiff filed against Howmet in Cuyahoga County. (Exhibit N) That case went to trial in

3

      August 2023, and a Cuyahoga County Court of Common Pleas jury rejected Plaintiff's claims and returned a unanimous verdict in favor of Howmet. (Exhibit O)

- Plaintiff's Opposition is also based on affidavits from Maurice Fletcher, Alvis Ford and Michael Dickson that purport to outline a variety of behavior for which Howmet allegedly disciplined other Black employees. (Pl. Opp. at pp. 7-11, Exhibits 1-4) Evidence of such behavior and discipline is entirely irrelevant to Plaintiff's claims.

- Plaintiff's Opposition also includes references to unsworn arbitration testimony by a former co-worker named Aubrey Gardner. Such unsworn testimony is not admissible at the summary judgment stage. *Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 344 (6th Cir. 2012) (holding that the district court properly refused to consider unsworn evidence when ruling on a motion for summary judgment).

The common thread with the evidence that Plaintiff relies upon in his Opposition is that it is irrelevant to Plaintiff's claims, does not involve or relate to Plaintiff, and is otherwise inadmissible. Howmet objects to such evidence and submits that it does not provide a basis to deny Howmet's Motion. *Pelcha v. MW Bancorp, Inc.*, 455 F. Supp. 3d 481, 508 (S.D.Ohio 2020) ("me too" evidence is not available when there is no evidence that the comparator "engaged in the same type of insubordination that [the plaintiff] did."); *Johnson-Romaker v. Kroger Ltd. P'ship One*, 609 F. Supp. 2d 719, 730-721 (N.D. Ohio 2009); *see English v. AK Steel Corp.,* 12th Dist. Butler No. CA2015-11-194, 2016-Ohio-5287, ¶ 35 (member of a protected class fails to establish claim because he did not personally observe or encounter written or verbal racial slurs); *see also Williams v. Dearborn Motors 1, LLC*, 6th Cir. No. 20-1351, 2021 U.S. App. LEXIS 26350, at *15 (Aug. 30, 2021) (the pattern and practice framework "is inappropriate as a vehicle for proving discrimination in an individual case.").

4

### III. Howmet is Entitled to Summary Judgment on Plaintiff's Race Discrimination Claim Because Plaintiff Did Not Establish a *Prima Facie* Case.

Separate and apart from the fact that Plaintiff based his Opposition on inadmissible and improper evidence, the fact remains that Plaintiff has failed to meet his burden to show that a genuine issue remains as to whether he can establish a *prima facie* case of race discrimination with regard to his termination for posting false, offensive, and harassing YouTube videos. Indeed, to have done so, Plaintiff needed to provide admissible evidence showing that similarly situated persons of a different race were not terminated for engaging in similar behavior. *Dandy v. BlueCross BlueShield of Tenn., Inc.*, No. 18-6344, 2019 U.S. App. LEXIS 21454, at *6-8 (6th Cir. July 18, 2019). **Nowhere in Plaintiff's Opposition did he point to a single employee of a different race who engaged in similar behavior and was treated more favorably by Howmet that he was treated.** This omission by Plaintiff is not the least bit surprising, since Plaintiff admitted under oath that he does not know of any such employee. (Pl. Tr. 2021 at p. 192) Plaintiff's failure to put forth any evidence on this element is fatal to his *prima facie* case of discrimination and necessitates summary judgment in favor of Howmet. *Southern v. BASF Corp.*, No. 1:19-cv-00067, 2020 U.S. Dist. LEXIS 48399, at *15-16 (N.D. Ohio Mar. 20, 2020) (no *prima facie* case when plaintiff did not present any evidence of a white employee who posted inappropriate pictures on Facebook and was not terminated).

Furthermore, and presumably because he could not offer evidence that Howmet treated him less favorably than Howmet treated a similarly situated employee of a different race, Plaintiff spent the majority of his Opposition discussing other Black employees whom he believes were treated unfairly at Howmet. As explained above, this case is about Plaintiff and his termination from employment, not any other employee's experience at Howmet. Therefore, Plaintiff's evidence regarding other employees or their situations has absolutely no legal significance.

*Calderwood v. OmniSource Corp.*, No. 3:04 CV 7765, 2007 U.S. Dist. LEXIS 71433, at \*14 n.1 (N.D. Ohio Sep. 26, 2007) ("'me too' evidence is relatively unwelcome in this circuit").

To the extent Plaintiff's Opposition contains any allegations about how Howmet treated employees of a different race, the allegations are irrelevant because they do not involve employees who were at all similarly situated to Plaintiff. Instead, the allegations purport to involve white employees who allegedly engaged in conduct such as questioning a Black employee's authority, sleeping on duty, or experiencing a safety incident.[1] (Pl. Opp. at pp. 3-4; Dickson Aff. at ¶¶16, 20-21, 35) Howmet did not discharge Plaintiff for any of this type of conduct, so any allegations or evidence about such conduct is irrelevant, as the people who engaged in it were not similarly situated to Plaintiff. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992) ("to be deemed 'similarly-situated', the individuals with whom the plaintiff seeks to compare his/her treatment must . . . have *engaged in the same conduct* without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.") (emphasis added).

Plaintiff's failure to provide admissible record evidence showing that Howmet treated employees of a different race more favorably than it treated him under similar circumstances renders him unable to maintain a *prima facie* case, and therefore unable to maintain his claim. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002) ("the plaintiff is required to demonstrate that he or she is similarly-situated to the non-protected employee in all relevant respects."). Howmet's Motion for Summary Judgment should therefore be granted.

---

[1] Notably, Plaintiff fails to identify many of these white employees by name, making any allegations about them even more unreliable and inadmissible. *Messer v. Ohio*, No. 1:11-cv-246-HJW, 2013 U.S. Dist. LEXIS 129718, at \*45-46 (S.D. Ohio Sep. 11, 2013) (no *prima facie* case in part because plaintiff did not provide the names, genders, or ages of any similarly situated individuals who were not disciplined for the conduct at issue).

## IV. Howmet is Entitled to Summary Judgment on Plaintiff's Retaliation Claim Because Plaintiff Cannot Establish a *Prima Facie* Case.

Just as Plaintiff failed to show that he can maintain his discrimination claim, he also failed to show that he can maintain his retaliation claim. In this regard, Howmet's Motion for Summary Judgment shifted the burden to Plaintiff to show in his Opposition that he can establish a *prima facie* case of retaliation. Plaintiff failed to do so.

In his Opposition, Plaintiff attempted to establish the first element of the *prima facie* case by identifying his disturbing, intimidating, and harassing videos as "protected activity". (Pl. Opp. at p. 6) The videos were not protected activity under Title VII or Ohio's anti-retaliation provision because an employee's activity is not protected when, like here, the activity "violates legitimate rules and orders of his employer, disrupts the employment environment, or interferes with the attainment of his employer's goals." *Allman v. Walmart, Inc.*, 967 F.3d 566, 571 (6th Cir.2020), quoting *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989) ("the opposition clause does not protect all opposition activity."); *Lovelace v. BP Prods. N. Am., Inc.*, N.D.Ohio No. 1:05-cv-2203, 2006 U.S. Dist. LEXIS 63501, at *18-19 (Sep. 6, 2006) (plaintiff's behavior of using racially inappropriate comments, refusing to serve a customer because she considered him to be a racist, and other behavior resulting in complaints from co-workers was disruptive to the workplace and was not protected activity). Plaintiff's false and inflammatory videos and his lies during the resulting investigation violated five Howmet policies, disrupted the work environment, and interfered with Howmet's business goals. Therefore, Plaintiff's videos were not "reasonable" opposition conduct, and were not protected activity. *Jackson v. Genesee Cty. Rd. Comm.*, 999 F.3d 333, 345 (6th Cir.2021) (to be protected an employee must "express [his] opposition in a reasonable manner."); *Powell v. Fluor-B&W Portsmouth LLC*, No. 2:20-cv-1977, 2023 U.S. Dist. LEXIS 174100, at *20 (S.D.Ohio Sep. 28, 2023) (disruptive and harassing

7

behavior was not entitled to protection when the plaintiff spread false information and caused a disturbance in the workplace over his EEOC charge).

Additionally, with regard to Plaintiff's suggestion that a prior lawsuit was protected activity, Plaintiff failed to produce any evidence at all establishing a causal connection between his prior lawsuit in 2018 and his termination more than two years later in August 2020. *Shivers v. Charter Commc'ns, Inc.*, No. 22-3574, 2023 U.S. App. LEXIS 11109, at *29 (6th Cir. May 4, 2023) (three and a half months between complaint and termination is insufficient to establish causation); *Jones v. Vilsack*, 861 F.App'x 58, 63 (6th Cir. 2021) (seven months between protected activity and the adverse employment action does not support an inference of causation).

## V. Howmet is Entitled to Summary Judgment on Plaintiff's Race Discrimination and Retaliation Claims Because Plaintiff Cannot Establish Pretext.

Plaintiff's race discrimination and retaliation claims also both fail because, even if he had established a *prima facie* case of either (which he did not), he still failed to raise a material issue of fact as to pretext on either claim. Howmet provided record evidence showing that it had legitimate, non-discriminatory reasons for Plaintiff's termination— Plaintiff's serious and multiple violations of the company policy. *Smith v. Fed. Express Corp.*, 6th Cir. No. 19-5621, 2020 U.S. App. LEXIS 17416, at *8 (June 2, 2020) (violation of anti-harassment policy is a legitimate, non-discriminatory business reason). Accordingly, this shifted the burden to Plaintiff to provide record evidence showing a genuine issue of material fact as to whether Howmet's reason for his termination was a pretext for illegal discrimination or retaliation, by showing that the reason: (1) had no basis in fact; (2) did not actually motivate the decision; or (3) was insufficient to warrant the decision. *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009). Plaintiff failed to carry his burden as to pretext.

8

First, Plaintiff failed to establish that the reason for his termination from employment had no basis in fact because he *admitted* that he engaged in the behavior for which he was terminated - making and posting the false, threatening, and harassing YouTube videos, and then lying about having done so during Howmet's investigation. (Pl. Opp. at p. 4; Pl. Tr. 2021 at 76, 159-160) *Hale v. Vill. of Madison*, No. 1:04CV1646, 2006 U.S. Dist. LEXIS 96420, at *69 (N.D. Ohio May 23, 2006) (no pretext when plaintiff admitted to engaging in the behavior that led to her discipline). Furthermore, the fact that the OCRC, a professional labor arbitrator, and the State of Ohio have all determined that Howmet's decision to terminate Plaintiff was just and proper certainly indicates that the decision had a basis in fact.

Additionally, Plaintiff failed to show in his Opposition that his intimidating and threatening behavior was insufficient to motivate his termination from employment. Such behavior was certainly sufficient to warrant termination, as the Code of Conduct provides. For Plaintiff to have overcome this and shown pretext, he was required to provide record evidence showing "that other employees, particularly employees not in the protected class, were not [disciplined] even though they engaged in substantially identical conduct to that which the employer contends motivated its [discipline] of the plaintiff." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). As discussed above, Plaintiff failed to make such a showing. *Johnson-Romaker v. Kroger Ltd. Partnership One*, 609 F.Supp.2d 719, 730 (N.D. Ohio 2009) (to be similarly situated the employees "must have engaged in acts of comparable seriousness.").

Since Plaintiff has admitted to the behavior that led to his termination, it appears that Plaintiff simply believes he should have been given more lenient discipline for his behavior. In his attempt to establish pretext regarding his point, Plaintiff does not dispute that Howmet's social

9

media policy was in effect during this employment[2] (Pl. Tr. 2021 at p. 74), he simply alleges that he never read Howmet's social media policy. (Pl. Opp. at p. 5) Although Howmet disputes the accuracy of Plaintiff's assertion, even if true, it does not indicate pretext. Indeed, the social media policy was only *one* of the *five* separate policies that Plaintiff violated with his conduct and were relied upon in making the decision to terminate his employment. (Pl. Tr. 2021 at Ex. 16) Plaintiff does not dispute that he was aware of the other four policies that he violated. Howmet's termination decision was more than reasonable considering Plaintiff's multiple policy violations, and it is not the role of the Court at the pretext stage to "second-guess an employer's business judgment" regarding personnel decisions. *Reid v. Rexam Bev. Can Co.*, 434 F. Supp. 2d 500, 507 (N.D. Ohio 2006). Plaintiff failed to show "both that the proffered 'reason was false, and that the discrimination was the real reason'" *Beene v. St. Vincent Mercy Med. Ctr.*, 111 F. Supp. 2d 931, 937 (N.D. Ohio 2000), and he therefore failed to establish pretext.

Plaintiff has no evidence that unlawful discrimination or retaliation played any role in his termination. Plaintiff's speculation and unfounded assumptions are insufficient to support his claim. (Pl. Tr. 2019 at pp. 44-45; Pl. Tr. 2021 at p. 141) *See Lynch v. ITT Tech. Inst.*, No. 1:10-cv-2299, 2012 U.S. Dist. LEXIS 90506, at *24 (N.D. Ohio June 29, 2012) ("mere personal belief, conjecture, and speculation are insufficient to support an inference of discrimination.").

### VI. Conclusion

As demonstrated above and in Howmet's Motion for Summary Judgment, there remains no dispute as to any material fact as to Plaintiff's claims against Howmet, and Howmet is entitled

---

[2] Plaintiff's arguments on this point are confusing and false. First, Plaintiff admits that he began making his inappropriate YouTube posts on July 15, 2020, and that Howmet's social media policy went into effect in March 2020 (*four months before* he began his social media posts). (Pl. Aff. at ¶¶ 39-40; Pl. Opp. at p. 5) Plaintiff then contradicts himself and inaccurately argues that the social media policy was not in effect while he was posting because he was posting in 2019. (Pl. Aff. at ¶¶ 40, 42)

to judgment in its favor as a matter of law. Howmet therefore respectfully requests that the Court enter an Order granting its Motion for Summary Judgment and dismissing Plaintiff's Complaint as to Howmet, with prejudice.

Respectfully submitted,

*/s/ Brian J. Kelly*
Brian J. Kelly (0063679)
bkelly@frantzward.com
Megan E. Bennett (0095835)
mbennett@frantzward.com
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216-515-1660 - Telephone
216-515-1650 – Fax

*Attorneys for Defendant*
*Howmet Aerospace Inc.*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically on October 11, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Brian J. Kelly*
*Attorney for Defendant*
*Howmet Aerospace Inc.*